Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>GARY DEVONN LOTT,<br><br>                Defendant. | Case No. 3:05-cr-0020-JKS<br><br>**DEFENDANT'S PRE-ADJUDICATION/DISPOSITION MEMORANDUM** |

Defendant, Gary Devonn Lott, by and through counsel Michael Dieni, Assistant Federal Defender, submits his adjudication/disposition memorandum.

    *1.    Adjudication by Stipulation*

The parties have reached an agreement whereby Mr. Lott will admit to allegations 1, 5, and 7, and the government will dismiss the remainder.

    *2.    Disposition*

Mr. Lott requests that the court give him another chance to succeed on supervision.  He will propose that the court sentence him to "time-served," with the unequivocal condition that he enter and complete the Akeela House residential program.

This request is made after a great deal of thought and consideration on the part of Mr. Lott. In an effort to prove his sincerity, he has written letters to the court (attached), probation, and to Kevin Holmes at the Akeela House program, requesting the opportunity to start from the beginning, again, and do the Akeela House program.

The reason that Mr. Lott needs to start from the beginning is that he has learned that he cannot multi-task his way through his drug dependency problems. While on supervision, he attempted to do out-patient treatment while holding down two jobs. He did this in the context of working through an unfortunate set of physical injuries and relying upon a bicycle for transportation. He was overwhelmed.

Even though he took on too much, Mr. Lott never gave up on the idea of completing supervision, and he has not now. It is clear from probation officer Tim Astle's comments in the pre-disposition report that he is ambivalent about Mr. Lott. Although Mr. Astle recommends an eight month flat-time sentence, the alternative of Akeela House and continued supervision is expressed as the preferred option. The ambivalence suggested by Mr. Astle's comments warrants strong consideration for Mr. Lott's proposal.

In a close decision, the law suggests that the court should favor rehabilitation over jail time. Most of the factors set forth in 18 U.S.C. § 3553 remain applicable to supervised release revocation. 18 U.S.C. § 3583(e). In particular, the rule of parsimony, and the goal of providing the defendant with "corrective treatment," remain paramount to the sentencing process. 18 U.S.C. § 3553(a)(2)(d).

3.   *Conclusion*

It is fair to say that Mr. Lott did not see the need to do the Akeela House residential program until this past month. He does now. As Mr. Astle observes, Mr. Lott

2

has a number of positive strengths.  In this context, it is unnecessary at this point to terminate supervision.  Mr. Lott is eligible to be placed at the Akeela house immediately.  This last step should be taken before simply closing out supervision.

DATED this 18th day of July, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on July 18, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Frank V. Russo, Esq.

and by hand delivery on:

Tim Astle, Probation Officer

/s/ Michael D. Dieni